## MITCHELL *v.* THE STATE.

An information for larceny, which avers, "that the defendant is now confined in the jail of *Floyd* county, charged with the felony herein set forth, and that he has not been indicted by any grand jury of said county," is sufficient to show jurisdiction in the Court of Common Pleas to try the cause.

The 11th section of the Common Pleas Act has not been so far repealed by implication, as that it may not be the subject of amendatory legislation. It has only been modified, not repealed.

APPEAL from the *Floyd* Common Pleas.

WORDEN, J.—Information against the accused for larceny. Plea of not guilty and judgment.

It is not disputed, that the information and affidavit properly charge the offense; hence, no question can properly arise here, except that which relates to the jurisdiction of the Court.

The information alleges, that "the said *John Mitchell* is now confined in the jail of *Floyd* county, charged with the felony herein set forth, and that he has not been indicted by any grand jury of the county of *Floyd*." This allegation brings the case, clearly enough, within the statute, which gives the Court of Common Pleas jurisdiction of felonies, "when a person is in custody, on a charge of felony, before indictment by the grand jury." Acts 1859, p. 94.

But it is insisted, that the act of 1859, conferring juris-

diction, is void. The title of the act in question purports, that it is an act to amend section eleven of the act establishing Courts of Common Pleas, "so as to extend the jurisdiction of said Court, in certain cases." The ground taken is, that section eleven of the Common Pleas Act had already been repealed, and that as there was no such section to amend, the amendatory law was void.

Whether the conclusion would follow, from the premises, we need not determine, as the position, that section eleven was repealed, seems to be erroneously assumed. We are not aware of any statute that directly, or by implication, wholly repealed the section in question. That section conferred no jurisdiction in criminal cases, but only in civil. Civil jurisdiction was conferred where the sum due, etc., did *not exceed* one thousand dollars. A claim for just one thousand dollars was within the jurisdiction of that Court. But a subsequent act gave the Circuit Court exclusive jurisdiction in all cases of one thousand dollars or upward. It was held, that the latter act impliedly repealed the former, so far as it gave the Court of Common Pleas jurisdiction of one thousand dollars. *Fisher* v. *Prewitt*, 7 Ind. 519. *Murdock* v. *Wheelock*, 13 *Id*. 472. It has not been supposed, however, that the section was totally repealed by implication. On the contrary, the Common Pleas had complete jurisdiction in all cases provided for in that section, where the amount involved was less than one thousand dollars. The section in question having been in full force, except so far as its effect was modified, as above mentioned, legislation might well be had by way of amending it. It was amended so as to give the Court of Common Pleas jurisdiction in certain criminal cases, and in *Reed* v. *The State*, 12 Ind. 641, it was held that the title was sufficient for that purpose.

*Per Curiam.*—The judgment below is affirmed, with costs.

John H. Stotsenburg and Thos. M. Brown, for the appellant. John Bott, for the appellee.